ELIZABETH MEALEY

*v.*

EDWARD F. HOWARD.

[Decided December 31st, 1909.]

The rule declared by the court of errors and appeals in *Lutjen* v. *Lutjen, 64 N. J. Eq. (19 Dick.) 773*, as to laches, followed, it being apparent that the complainant's delay of over five years, before filing his bill, may have caused a loss of evidence to the injury of the defendant.

Final hearing on bill to set aside an assignment of an agreement for purchase of real estate.

*Mr. George J. Bergen,* for the complainant.

*Messrs. Wescott & Wescott,* for the defendant.

LEAMING, V. C.

Our court of errors and appeals in *Lutjen* v. *Lutjen, 64 N. J. Eq. (19 Dick.) 773,* has made it clear that this court should not enforce a claim which has not been diligently prosecuted when it is apparent that the delay of complainant may have caused a loss of evidence to the injury of defendant. In the present case, complainant allowed over five years to transpire before filing the present bill, after defendant had absolutely refused to recognize the transaction as a loan. The present difficulty in ascertaining the truth arises from this long delay. The memory of complainant and her husband is wholly unreliable, touching many important features of the transactions which must have occurred. The bill asserts that prior to the execution of the assignment complainant's husband borrowed from defendant $750, and that complainant borrowed at that time $25, and that the assignment was executed to secure those loans. The direct testimony of complainant and her husband was substantially

to the same effect. It soon became manifest, however, that
neither complainant nor her husband knew what money they
had received or when or under what circumstances they had re-
ceived it. They were admittedly in ignorance of the $450 pay-
ment made by defendant to another person on their account in
September, and yet that was the largest single amount they had
received. That payment and the $50 payments of September
24th and October 6th, respectively, were admittedly made sub-
sequent to the execution of the assignment in question, yet the
bill charges that all payments were made at and before the execu-
tion of the assignment. It is entirely manifest that complain-
ant and her husband had entirely forgotten these details of the
transaction, and simply entertained a general idea that $750 had
been received by them. When the husband of complainant was
asked to state how he made up the $750 which he claimed had
been paid, he specified six several payments aggregating that
amount, and did not include the $450 item. The inability of
complainant and her husband to remember these facts, which
would be of prime importance in the event of an accounting
being decreed pursuant to the prayer of the bill, discloses the
difficulties which naturally and almost inevitably arise from de-
lay in the assertion of claims of this nature. The injurious
effects of delay is not alone manifest in the difficulties which
would arise in an accounting. A court of equity is now asked
to set aside a written instrument which by its terms is an abso-
lute sale, and to declare it to have had a purpose contrary to its
expressed terms, and to base that decree upon the testimony of
witnesses whose recollections of almost all other features of the
transactions are manifestly unreliable. It may be that com-
plainant and her husband could forget all the details which they
have manifestly forgotten, and yet remember well and accu-
rately the general fact that the transaction was a loan and not
a sale. I can see how that might be possible. But it is never-
theless manifest that the long delay is largely the cause of the
present difficulty in the ascertainment of this important fact.
Had the bill been filed promptly, I cannot believe that any court
would have found it difficult to ascertain the exact truth touch-
ing this central issue. There are circumstances which are con-

sistent with the claim of complainant that the written assignment of August 19th, 1902, was intended as a security for a loan or proposed loan, and not as an absolute sale. The facts that no specific consideration is named in the assignment and that no obligation was given for the balance of the money to be paid are consistent with complainant's claim that the assignment was to secure a loan for an amount which had not at that time been definitely agreed upon. These features also measurably indicate that the transaction was not an absolute sale for an agreed amount. But these features are in no sense conclusive. In transactions of this nature between parties who share confidence in each other, the borrower may trust the lender with an instrument which defines the transaction as a sale when in fact it is only a loan, or he may trust the purchaser for the balance of an agreed purchase price. The testimony of defendant is to the latter effect. He says that the contract which complainant held was sold to him at the agreed price of $1,000, and that he made two payments on account, aggregating $400, before the assignment was made to him, and declined to make further advance payments until the assignment was executed and a search of the records made to show that he would receive a clear title, and that when the search was returned he paid the $450 to complainant's use, and subsequently paid the remaining balance. Whether two $200 payments were made on one day, one to complainant and one to her husband, is also a subject of dispute. The truth as to that will probably never be known. The great lapse of time renders the certain ascertainment of that fact impossible. It may also be appropriately observed that complainant's present claim has undoubtedly been asserted by reason of the increase in value of the premises in question; and it may also be reasonably assumed that had the premises depreciated in value complainant would not have sought to recompense defendant for his expenditures.

My conclusion is that complainant has not sustained the burden of proof with that clearness or certainty which entitles a court of equity to award the relief here sought; and that the long delay of complainant in the assertion of her claim has ren-

dered it impossible to accurately ascertain at this time the facts, and must, in consequence, be deemed operative to render it inequitable to deny to defendant, in view of such uncertainty at this time, the benefits of the purchase which he claims to have made.